**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| H. BRENT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF VETERANS ) <br> AFFAIRS DEBT MANAGEMENT ) <br> CENTER, ) <br> ) <br> Defendant. ) | No. 2:19-cv-02446-TLP-dkv <br><br> JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff, H. Brent, sued Defendant, Department of Veteran's Affairs Debt Management Center, alleging violations of his civil rights under 42 U.S.C. § 1983. (ECF No. 1.) Under Administrative Order 2013-05, the case was referred to the Magistrate Court for management of all pretrial proceedings. (Admin. Order 2013-05, Apr. 29, 2013.) Defendant moved to dismiss Plaintiff's claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (ECF No. 24.) At the time the Magistrate Court issued its report and recommendation ("R&R") on the pending motion to dismiss, Plaintiff had not yet responded.[1]

This case arises out of Plaintiff's communications with Defendant regarding his veteran's pension benefits. Defendant informed Plaintiff by letter that Defendant had overpaid his pension benefits in the amount of $23,798.14 and that Plaintiff had to repay that amount. (ECF No. 24-

---

[1] Plaintiff responded in opposition to the motion to dismiss on February 20, 2020, after the time for doing so had expired. The response is, therefore, untimely and will not be considered by the Court.

2.) Plaintiff called Defendant many times for help about his benefits. (ECF No. 8 at PageID 22.) Plaintiff alleges that Defendant used its letters to mislead him, conspire against him, and fraudulently share information about him. (*Id.*)

Plaintiff also claims that Defendants defamed him, intentionally inflicted emotional distress upon him, violated the civil Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1968, and committed mail and wire fraud under 18 U.S.C. §§ 1341 and 1343. (*Id.* at PageID 21.) Plaintiff seeks $7 million in actual damages and $19.5 million in punitive damages.

After Plaintiff sued here, Defendants informed him that his request for waiver of his pension debt had been approved by the Committee on Waivers and Compromises. (ECF No. 24-4.) As a result, Plaintiff, no longer owed money to Defendant over the pension benefits.

Under Administrative Order 2013-05, the Chief Magistrate Judge issued a report and recommendation (R&R) on Defendant's motion to dismiss, and recommended that the Court dismiss all of Plaintiff's claims for two reasons: (1) lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and (2) failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 26 at PageID 191.)

First, the Chief Magistrate Judge recommended that the Court grant Defendant's motion to dismiss for lack of subject matter jurisdiction because "the very harm [Plaintiff] alleged that [Defendant] was causing ceased to exist entirely when [Defendant] waived the entire amount of [his] debt." (ECF No. 26 at PageID 182.) The Chief Magistrate Judge reasoned, therefore, that the Court lacks subject matter jurisdiction over his claim for damages related to the monies owed to Defendant because the claim is now moot. (*Id.* (citing to *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) ("If events occur during the case, including during the

appeal that make it 'impossible for the court to grant any effectual relief whatever to a prevailing party,' the appeal must be dismissed as moot.")) What is more, the Chief Magistrate Judge recommended dismissal of Plaintiff's claims relating to his benefits because they fall under the Veteran's Judicial Review Act, which deprives district courts of subject matter jurisdiction over VA decisions about benefits claims, even when claims include constitutional issues. (*Id.* at PageID 182–85.)

Next, the Chief Magistrate Judge recommends dismissal of Plaintiff's state tort claims. (*Id.* at PageID 186–89.) As for his defamation claim, the Chief Magistrate Judge reasons that there is no subject matter jurisdiction over this claim because the United States has not consented to suit under the Federal Tort Claims Act for defamation. (*Id.* at PageID 186 (citing to 28 U.S.C. § 1680(h).) Concerning his claim of intentional infliction of emotional distress, the Chief Magistrate Judge recommends dismissal because he failed to exhaust administrative remedies by presenting the claim to the Department of Veteran's Affairs before instituting this suit. (*Id.* at PageID 187–89.) And so the Chief Magistrate Judge reasons that Plaintiff's failure to plead that he exhausted administrative remedies strips the Court of subject matter jurisdiction over that claim too. (*Id.* at PageID 188–89.)

Finally, the Chief Magistrate Judge recommends that the Court dismiss Plaintiff's claims under the civil RICO statutes and for mail and wire fraud under 18 U.S.C. §§ 1341 and 1343, for failure to state a claim. (ECF No. 26 at PageID 189–90.) As for his claim under the civil RICO statute, the Chief Magistrate Judge reasons that Plaintiff fails to state a claim because "[h]is conclusory statement that [Defendant] is guilty of violations of RICO and his vague allegations that [Defendant's] employees conspired against him are not sufficient to establish the required elements of a civil RICO claim." (*Id.* at PageID 189.) And the Chief Magistrate Judge

3

recommended that the Court dismiss Plaintiff's claims under § 1341 and § 1343 for failure to state a claim because these are criminal statutes and there is no private cause of action for alleged violations of them. (*Id.* at PageID 190 (citing to *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).)

Given her recommendation to dismiss all of Plaintiff's claims, the Chief Magistrate Judge also recommends that the Court deny Plaintiff's motion for summary judgment. (*Id.*)

Under Federal Rule of Civil Procedure 72(b)(2), "[w]ithin 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). On February 25, 2020, Plaintiff filed a pro se notice, purporting to provide more evidence in support of his motion for summary judgment. (ECF No. 28.) This notice is not a proper objection to the Chief Magistrate Judge's R&R. Nevertheless, the Court has reviewed and considered Plaintiff's notice and finds that it does not affect the Court's ruling as to Defendant's motion to dismiss here.

And so neither party objected to the R&R, and the time for filing objections has expired. *See* Fed. R. Civ. P. 5(b)(2), 6(d), 72(b)(2). When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

Having reviewed the R&R and the entire record here, the Court finds no clear error and **ADOPTS** the R&R in its entirety (ECF No. 26), **GRANTS** Defendant's motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) (ECF No. 24), **DISMISSES** Plaintiff's civil RICO and criminal mail and wire fraud claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), **DENIES** Plaintiff's motion for summary judgment (ECF No. 21).

In the end, the Court **DISMISSES WITH PREJUDICE** all of Plaintiff's claims.

**SO ORDERED**, this 26th day of February, 2020.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE